McCORD, Chief Judge.
This appeal is from a dismissal by the trial court of appellant’s/plaintiff’s amended complaint alleging that appellee/defend- *673 ant is charging appellant discriminatory electric rates for electricity furnished to it in the Sawgrass Development.
The complaint alleges an unusual arrangement originally worked out between appellant’s predecessor in title (Sawgrass, Ltd., the developer of Sawgrass), appellee Jacksonville Electric Authority (hereafter referred to as JEA) and the City of Jacksonville Beach (hereafter referred to as the City). As alleged in the amended complaint, JEA is a corporate body politic existing under Chapter 67 — 1569, Laws of Florida, one of the charter laws of the City of Jacksonville, and is a public utility engaged in the business of furnishing electric power throughout the City of Jacksonville and in adjacent counties. The complaint alleges that JEA has charged or is charging appellant a rate for electric power that is illegal, arbitrary, unreasonable and discriminatory. It seeks to enjoin JEA from directly or indirectly charging appellant an amount that exceeds the rate charged by JEA under its regular rate schedule to other customers similarly situated. It further seeks an accounting and determination of the aggregate amount of the excess charges paid by appellant directly and indirectly to JEA and seeks entry of a judgment in favor of appellant for the amounts so paid.
As alleged in the amended complaint, appellant is the owner of land and buildings in a real estate development known as Saw-grass. It acquired its property in 1977 from the Atlantic National Bank of Jacksonville, as Trustee. The bank was preceded in ownership by Sawgrass, Ltd., the developer of Sawgrass.
From the allegations of the amended complaint, it appears that Sawgrass, Ltd., in 1973, worked out an arrangement with the City (who buys its electric power from JEA) and JEA whereby JEA built an electrical distribution system in Sawgrass and Sawgrass, Ltd., then purchased electricity for the system from the City which in turn had purchased that same electrical power along with all of its other electrical power from JEA. Upon purchase from JEA of the power, the City then delivered it to the distribution system of JEA. Upon distribution thereof, JEA then billed Sawgrass, Ltd., along with the other electric users in Sawgrass at its regular rates. The complicating factor here is that JEA then reimbursed Sawgrass, Ltd., but only reimbursed it the amount JEA had charged the City for that quantity of electricity rather than the amount the City had charged Sawgrass, Ltd., for the power delivered to JEA’s distribution system at Sawgrass. Because of the difference between the amounts paid by Sawgrass, Ltd., (and now appellant) to the City for power and the lesser amount reimbursed to Sawgrass, Ltd. (and now to appellant) by JEA, appellant contends that JEA is indirectly discriminating against it; that it alone (to the exclusion of the other electric users in Sawgrass) is being required to absorb this differential and, thus, is required to pay higher rates for electric service than the rates being charged the other property owners in Sawgrass.
JEA is not necessarily bound to charge its customers in Sawgrass the same amount that it charges its other customers elsewhere if it can show that a higher cost is justified in Sawgrass because of a difference in the cost to it of furnishing electricity to the residents of Sawgrass as opposed to furnishing service to its other customers. Compare Clay Utility Company v. City of Jacksonville, 227 So.2d 516 (Fla. 1st DCA 1969).
Looking only to the allegations of the complaint, as we must do at this point, and without benefit of any defenses which may exist in favor of appellee, it appears that appellant has stated a prima facie case of discrimination against it by JEA and in favor of the other property owners in Saw-grass. JEA’s failure to either reimburse appellant for the full amount paid by appellant to the City for the power furnished by the City to the distribution lines of JEA or the failure to readjust its charges in some other way so that appellant and the other electric customers of appellant in Sawgrass will pay the same rates for the same service presents a prima facie case of discrimination.
*674 The amended complaint states a prima facie case.
REVERSED.
ERVIN and BOOTH, JJ., concur.